UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| VOLCON, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:22-cv-00307-LY |
| | § | |
| | § | |
| MARTIN MOTOR SPORTS, LLC | § | |
| | § | |
| Defendant. | § | |
| | § | |

# DEFENDANT MARTIN MOTOR SPORTS, LLC'S FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant, Martin Motor Sports, LLC ("MMS" or "Defendant"), respectfully files this First Amended Answer and Counterclaim, and would respectfully show as follows:

## DEFENDANT'S FIRST AMENDED ANSWER

Pursuant to Federal Rule of Civil Procedure 8, Defendant denies each and every allegation contained in Plaintiff's Original Petition except for those expressly admitted below. The numbered and unnumbered headings, paragraphs, and titles below correspond to the numbered paragraphs within the Plaintiff's Original Petition.

## INTRODUCTION

Defendant admits that Plaintiff paid Defendant $700,000. Defendant denies that throughout its engagement with Plaintiff, Defendant misrepresented its experience, expertise, and capability to perform the work that it agreed to perform. Defendant denies that Plaintiff paid for components that did not exist, were defective, or were too expensive to implement into its prototype. Defendant admits that it refused to refund any payments to Plaintiff, but denies that Defendant insisted

Plaintiff pay an additional series of invoices for work that Defendant never performed. Defendant denies that it made any fraudulent representations or made any defective performance. Defendant is without sufficient knowledge to admit or deny the remaining allegations of this paragraph.

## I.  DISCOVERY

1. Defendant admits that Plaintiff pled this case as a Level 3 discovery case in state court, but lacks sufficient knowledge to admit or deny the remaining allegations in this paragraph.

## II.  PARTIES

2. Defendant admits that Plaintiff Volcon, Inc. is the Plaintiff in this case, but lacks sufficient knowledge to admit or deny the remaining allegations in this paragraph.

3. Admit.

## III.  JURISDICTION AND VENUE

4. Defendant answers that paragraph 4 is a legal allegation of jurisdiction for which no response is required.

5. Defendant answers that paragraph 5 is a legal allegation of jurisdiction for which no response is required.

6. Defendant answers that paragraph 6 is a legal allegation of jurisdiction for which no response is required.

## IV.  RULE 47 DISCLOSURE

7. Defendant lacks sufficient knowledge to admit or deny the allegations in this paragraph.

## V.  FACTS

8. Defendant lacks sufficient knowledge to admit or deny the allegations in this paragraph.

9. Defendant lacks sufficient knowledge to admit or deny the allegations in this paragraph.

10. Defendant admits that Michael Van Steenburg worked for Defendant at one point, but lacks sufficient knowledge to admit or deny the remaining allegations in this paragraph.

11. Defendant admits that it met with Plaintiff in July 2021 but denies that it made any misrepresentations to Plaintiff.

12. Admit.

13. Admit.

14. Admit.

15. Defendant admits that it entered into multiple separate agreements with Plaintiff, but lacks sufficient knowledge to admit or deny the remaining allegations in this paragraph.

16. Deny.

17. Deny.

18. Defendant admits that it terminated Mr. Van Steenburg and that he filed a lawsuit against Defendant, but denies the remaining allegations in this paragraph.

19. Defendant admits that Plaintiff terminated the agreements it had with Defendant, that Defendant refused to give money back to Plaintiff, and that it insisted Plaintiff pay additional money to Defendant to which it was owed, but denies the remaining allegations in this paragraph.

20. Defendant admits that Plaintiff attempts to incorporate by reference allegations in the previous paragraphs of its Original Petition.

    A.    **Fraud and Fraudulent Inducement**

21. Deny

22. Deny.

23. Defendant lacks sufficient knowledge to admit or deny the allegations in this paragraph.

24. Deny.

25. Deny.

26. Defendant lacks sufficient knowledge to admit or deny the damages Plaintiff seeks, otherwise deny.

**B.    Negligent Misrepresentation**

27. Deny.

28. Deny.

29. Defendant lacks sufficient knowledge to admit or deny the damages Plaintiff seeks, otherwise deny.

**C.    Breach of Contract**

30. Deny.

31. Deny.

32. Deny.

**D.    Unjust Enrichment/Money Had and Received**

33. Deny.

34. Deny.

35. Deny.

**E.    Declaratory Judgment**

36. Defendant admits that Plaintiff seeks a declaratory judgment, but denies that Plaintiff is entitled to any remedy.

## VII.   ATTORNEYS' FEES

37.   Defendant admits that Plaintiff seeks attorneys' fees, but denies that Plaintiff is entitled to attorneys' fees.

## VIII.   CONDITIONS PRECEDENT

38.   Deny.

## IX.   JURY DEMAND

39.   Defendant admits that Plaintiff has made a jury demand.

### **AFFIRMATIVE DEFENSES**

Without admitting any of Plaintiff's allegations or conceding the burden of proof as to any issue found to be an element of the causes of action included in Plaintiff's Original Petition, Defendant alleges the following separate Affirmative Defenses based on information and belief. Defendant reserves the right to amend its Answer and add additional Affirmative and Other Defenses consistent with the facts discovered in the case.

1. Plaintiff's claims are barred in whole or in part by its own material breach.

2. Plaintiff's claims are barred in whole or in part by waiver.

3. Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

4. Plaintiff's claims are barred in whole or in part by the doctrine of laches.

5. Plaintiff's claims are barred in whole or in part by accord and satisfaction.

6. Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

7. Plaintiff's claims are barred in whole or in part by the doctrine of unjust enrichment.

8. Plaintiff's claims are barred in whole or in part by Plaintiff's own failure to mitigate its damages.

## COUNTERCLAIM BY MARTIN MOTOR SPORTS, LLC AGAINST VOLCON, INC.

Pursuant to Federal Rule of Civil Procedure 13, Counter-Plaintiff Martin Motor Sports, LLC files this Counterclaim against Counter-Defendant Volcon, Inc., as follows:

### PARTIES

1. Counter-Plaintiff Martin Motor Sports, LLC ("MMS") is a limited liability company with its principal place of business in Michigan and its sole member resides in New Hudson, Michigan.

2. Counter-Defendant Volcon, Inc. ("Volcon") is a Delaware corporation with its principal place of business in Texas. Volcon has appeared in this case through counsel.

### JURISDICTION

3. This Court has original jurisdiction for this state-law counterclaim pursuant to 28 U.S.C. § 1332(a), as the parties are diverse and the amount in controversy exceeds $75,000.

### FACTUAL BACKGROUND

4. MMS is a full-service engineering and manufacturing company, providing global mobility solutions to the automotive, marine, aerospace, and defense industries.

5. In July 2021, MMS and Volcon entered into two separate contracts, whereby MMS agreed to partner with Volcon to: (1) assist with the design and development of the Stag UTV (the "Stag UTV Contract"); and (2) assist with the design and development of the Volcon Controller/Charger & Smart Wiring Harness (the "Controller Contract"). Styled as purchase orders, the two contracts comprised the entire relationship between Volcon and MMS.

6. The agreements provided the amounts MMS would invoice Volcon each month.

7. Importantly, the agreements provided the following:

> It is recognized by both parties that 100% collaboration and delivery
> success is critical to align with all critical program milestones.

> [MMS] does not anticipate any issues that will impact this program, provided that the new component development programs are agreed to, contracted for and funded by July 23, 2021. *See* Stag UTV Contract at ¶ 29; Controller Contract at ¶ 24.

8. However, as MMS began to undertake its work on the project, Volcon caused several delays in the progress of MMS's work and failed to meet its promise to collaborate with MMS. Specifically, Volcon withheld critical information and materials that MMS required to complete its work. Volcon further delayed and frustrated MMS's efforts by failing to attend key design review meetings. Volcon's failure to share required technical information regarding its motor supplier necessitated MMS to reverse-engineer and develop custom software in order to support development—all at MMS's expense. These delays also caused MMS to incur other major expenses, for which MMS invoiced Volcon and Volcon refused to pay.

9. Volcon's delays and its failure to fully collaborate with MMS are well documented in the project management documents. MMS made significant progress on the required deliverables, and Volcon failed to fully participate.

10. Ultimately, Volcon abandoned the project and terminated its relationship with MMS. However, up to that point, MMS had gone above and beyond its contractual obligations in order to adhere to the timeline as best as possible—despite the delays Volcon caused—in order to produce project deliverables. Nevertheless, Volcon has refused to pay its outstanding invoices for work MMS performed, totaling $603,605, exclusive of contractual penalties and interest.

## COUNTERCLAIM: BREACH OF CONTRACT

11. The preceding paragraphs are incorporated herein by reference as if set forth in their entirety.

12. The agreements entered into by MMS and Volcon constitute valid, enforceable, and binding contracts.

13. MMS met its obligations under the contracts and performed, and issued invoices to Volcon for its services.

14. Volcon breached the contract by failing to meet its contractual obligations to provide technical information and materials that MMS required to complete its work. Volcon further breached the contracts by failing to pay invoices when due.

15. As a result, MMS has been damaged, and Volcon owes MMS $603,605, along with applicable payment penalties and accrued interest, for work MMS performed pursuant to the contracts and which Volcon refuses to pay.

16. All conditions precedent have been met and satisfied on the part of MMS.

17. MMS is entitled to attorneys' fees pursuant to Tex. Civ. Prac. & Rem. Code Section 38.001.

## JURY TRIAL DEMANDED

18. MMS demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, MMS prays for judgment against Volcon for breach of contract in the amount of $603,605, plus applicable contractual penalties, costs and interest, reasonable and necessary attorneys' fees and costs of suit, and all further and other relief to which MMS may be justly entitled.

Respectfully submitted,

*/s/ Andrew F. Newman*
**ANDREW F. NEWMAN**
State Bar No. 24060331
anewman@clarkhill.com
**DANIEL J. OLDS**
State Bar No. 24088152
dolds@clarkhill.com

**CLARK HILL PLC**
901 Main Street, Suite 6000
Dallas, Texas 75202
(214) 651-4300
(214) 651-4330 (Fax)

**ATTORNEYS FOR DEFENDANT
AND COUNTER-PLAINTIFF
MARTIN MOTOR SPORTS, LLC**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document has been served on all counsel of record in accordance with the Federal Rules of Civil Procedure on June 24, 2022.

*/s/ Andrew F. Newman*
**ANDREW F. NEWMAN**