UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| VOLCON, INC., §<br>*Plaintiff* §<br>  §<br>v. §<br>  §<br>MARTIN MOTOR SPORTS, LLC, §<br>*Defendant* § | Case No. 1:22-cv-00307-DAE |

## ORDER

Now before the Court are Clark Hill PLC's Unopposed Motion to Withdraw as Counsel for Defendant, filed October 5, 2023 (Dkt. 31), and Plaintiff's Response to Motion to Withdraw, filed October 13, 2023 (Dkt. 32).[1]

Counsel for Defendant Martin Motor Sports, LLC ("MMS") assert that they have good cause to withdraw "because MMS has failed to fulfill its financial obligations to Movants in breach of its agreement with Movants." Dkt. 31 at 1. Counsel state that they "are not aware at this time of any successor attorney." *Id.* Plaintiff Volcon, Inc. responds that it is unopposed to withdrawal but "has concerns about the delay and disruption this issue has caused," explaining that there has been a "five-month delay in getting documents produced and depositions scheduled." Dkt. 32 at 1-2.

"An attorney may withdraw from representation only upon leave of the court and a showing of good cause and reasonable notice to the client." *Gowdy v. Marine Spill Response Corp.*, 925 F.3d 200, 204 (5th Cir. 2019) (quoting *In re Wynn*, 889 F.2d 644, 646 (5th Cir. 1989)). The decision whether to grant an attorney's motion to withdraw is "entrusted to the sound discretion" of the district court. *Wynn*, 889 F.2d at 646. A court must consider multiple factors, including (1) undue

---

[1] By Text Order entered October 12, 2023, the District Court referred the motion to this Magistrate Judge for disposition, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

1

delay in the proceedings, (2) prejudice to the client, and (3) the interests of justice. *A.J. Rabe, Inc. v. Farm Serv. Agency*, No. 6:18-CV-00116-ADA-JCM, 2019 WL 12536993, at *1 (W.D. Tex. May 21, 2019).

The withdrawing attorney bears the burden of proving good cause for withdrawal. *Practice Interactive, Inc. v. Candelario*, No. A-20-CV-00645-JRN, 2021 WL 3520915, at *1 (W.D. Tex. Jan. 4, 2021). A district court has substantial latitude to deny a motion to withdraw if the court is not persuaded that good cause for withdrawal exists. *Lewis v. Williamson Cnty., Tex.*, No. 1:21-cv-00074-LY-SH, 2021 WL 581540, at *1 (W.D. Tex. Nov. 23, 2021). Even if good cause exists, an attorney may withdraw only if withdrawal will not disrupt the lawsuit. *Id.*

The Court finds that counsel for MMS have not met their burden to show good cause for withdrawal. Their motion indicates that there is some failure to pay by MMS, but counsel provide insufficient detail to support a good cause finding. Moreover, although attorneys may have good cause to withdraw when a client refuses to pay for services, their "financial predicament . . . cannot be the sole basis for withdrawal." *Walker v. Voyager Charters, L.L.C.*, No. A-08-CA-0027-JRN, 2009 WL 10700768, at *1, *3 (W.D. Tex. Feb. 26, 2009).

Even if counsel had shown good cause, the Court would deny the motion because withdrawal at this late stage of the proceeding would disrupt the lawsuit. This case was filed nearly two years ago in Texas state court and removed by MMS to this court on March 31, 2022. The discovery deadline – previously set for October 30, 2023 – is in less than three months, on January 26, 2024, with the dispositive motion deadline shortly thereafter, on February 9, 2024. Dkts. 26, 30. As a limited liability corporation, MMS "cannot appear in federal court unless represented by a licensed attorney." *Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004). The Court finds that

permitting counsel to withdraw, particularly without successor counsel, at this stage of the proceeding would unduly delay and significantly disrupt this litigation.

For these reasons, the Court **DENIES WITHOUT PREJUDICE** Clark Hill PLC's Unopposed Motion to Withdraw as Counsel for Defendant (Dkt. 31).

**IT IS FURTHER ORDERED** that this case be removed from this Magistrate Judge's docket and returned to the docket of the Honorable David A. Ezra.

**SIGNED** on October 26, 2023.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE